# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN BAE PARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO. |
| ) | _____ |
| RADIUS GLOBAL SOLUTIONS, LLC, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

## COMPLAINT

Plaintiff, In Bae Park ("Plaintiff", by counsel, hereby files his Complaint against Radius Global Solutions, LLC ("Defendant") as follows:

## INTRODUCTION

1. This is an action for actual, statutory, and punitive damages, attorney's fees and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

2. Plaintiff is an individual, a resident of the State of Georgia, and a "consumer" under 15 U.S.C. § 1681a(c). Defendant is a "furnisher" of information under the FCRA. Defendant is also a debt collector.

3. Plaintiff is the victim of identity theft. A fraudster opened an account with AT&T under Plaintiff's name and without his knowledge or consent and apparently incurred charges that the fraudster did not pay (the "Account").

Defendant sought to collect on the Account and reported it to the credit bureaus – Equifax, Experian, and Trans Union (collectively "CRAs'") - to be included in Plaintiff's credit files.

4. Defendant is a foreign limited liability company and transacts business in Georgia and this District. Defendant is subject to the jurisdiction of this Court and may be served with process by serving its registered agent: C T Corporation System, 289 S. Culver Street, Lawrenceville, GA  30046-4805.

5. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically the FCRA, 15 U.S.C. § 1681, *et seq*.

6. Venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1B(1) and (3).

## FACTUAL ALLEGATIONS

7. Plaintiff lives in Buford, Georgia.

8. Plaintiff did not apply for and/or open the Account. The Account was the result of fraud and is inaccurate.

9. Plaintiff did not authorize any other person(s) to open the Account in his name.

10. Within the two years preceding the filing of this Complaint, Defendant reported the inaccurate Account to one or more of the to be included in Plaintiff's

credit files maintained by the CRAs. Defendant reported the Account under its own account number 5100xxxx.

11. When Plaintiff learned that the fraudulent Account was being reported to the CRAs by Defendant, he obtained a police report setting forth that he was the victim of identity theft and did not open the Account.

12. Plaintiff disputed Defendant's reporting of the Account with the CRAs and provided the police report, a copy of his driver's license, and a copy of a recent utility bill along with his dispute letter ("CRA Dispute").

13. Upon information and belief, Defendant received Plaintiff's CRA Dispute containing the police report.

14. Unfortunately, Defendant did not delete the fraudulent and inaccurate Account from all of Plaintiff's credit reports following its receipt of his CRA Dispute.

15. Instead, Defendant verified to one of more of the CRAs that the fraudulent and inaccurate Account was accurate and should continue to report on Plaintiff's credit reports. Defendant specifically verified to Experian that the Account was accurate and should continue to report on Plaintiff's Experian credit file.

16. Plaintiff was dismayed that Defendant refused to delete the Account from all of his credit files after it received his CRA Dispute and police report.

17. As a proximate result of Defendant's violations of the FCRA, Plaintiff has suffered actual damages, including but not limited to: (i) embarrassment when Defendant told one or more of the credit reporting agencies that he owed the debt reflected in the Account when he did not; (ii) harm to his credit reputation, credit score, and credit history when Defendant told the credit bureaus that he owed the debt when she did not; (iii) emotional distress; (iv) time, effort and the postage expense of drafting and sending credit disputes to the CRAs about the Account; (v) his time to obtain the police report; (vi) his time and effort to review credit reports (vii) worry about his ability to obtain refinancing of his mortgage loan; and (viii) other damages to be proven at trial.

## Count 1 – Violation of 15 U.S.C. § 1681s-2(b) of the FCRA

18. At all times relevant hereto, Defendant was a "person" as that term is defined by 15 U.S.C. 1681a(b).

19. At all times relevant hereto, Defendant was a "furnisher" as that term is used in 15 U.S.C. § 1681s-2(b).

20. Defendant violated Sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b) as set forth above in Paragraphs 7 through 16 above. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious damages and harm to Plaintiff described

4

in Paragraph 17 above, and as a result Defendant is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorney's fees and costs, as well as such other relief, as permitted by law.

WHEREFORE, Plaintiff respectfully prays that the Court:

1. Issue process to Defendant;

2. Conduct a trial by jury of all claims asserted herein;

3. Enter judgment in favor of Plaintiff as consistent with the jury's verdict; and,

4. Grant Plaintiff such other and further relief as it deems just and necessary.

This 9th day of January, 2025.

/s/ John A. Love
John A. Love
Ga. Bar No. 459155
**Love Consumer Law**
2500 Northwinds Parkway, Suite 330
Alpharetta, GA 30009
Tel: 404.855.3600
Fax: 404.301.2300
tlove@loveconsumerlaw.com

Counsel for Plaintiff